IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ERNEST HOLMES, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ATTORNEY GENERAL FOR THE STATE OF HAWAII, *et al.*, <br><br> Defendants. | Case No. 26-cv-00079-DKW-WRP <br><br> **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On February 20, 2026, *pro se* Plaintiff Ernest Holmes, Jr. filed a complaint pursuant to 42 U.S.C. § 1983 against the Attorney General for the State of Hawaiʻi and Hawaiʻi Governor Josh Green. Dkt. No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 3.

Holmes' Complaint offers only sparse allegations. Reading his pleadings generously,[3] Holmes alleges that he had filed a lawsuit in Hawaiʻi state court seeking

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

to have his lifetime sex offender status lifted. Dkt. No. 1 at 5 (pdf pagination). On October 14, 2024, Judge Karin L. Holma denied Holmes' request for a hearing to reevaluate Holmes' risk assessment. *Id*. Holmes asserts that this denial violated his state and federal constitutional rights to due process, and requests that the Court "remand this case back to the state court of Hawaiʻi with the instruction to allow a risk assessment." *Id*. at 7. Holmes provides a petition for writ of mandamus, purportedly filed in state court, in which Holmes requested that he be removed from the state's sex offender registry. *Id*. at 9–13.

For various reasons, the Complaint is frivolous and must be dismissed. First, "[l]iability under [Section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). Holmes claims that his rights were violated by Judge Holma but fails to provide any allegations as to Defendants' involvement.[4] Dkt. No. 1 at 5. Second, even if Holmes had alleged Defendants' involvement, his claims would fail because Holmes sues Defendants in their *official* capacity. *Id*. at 3. The Supreme Court has made clear that state officials like Defendants, when sued in their official capacity, are not

---

[4] Judge Holma is not listed as a defendant in this action. If she was, the Court notes that judicial officers are absolutely immune from liability for actions taken during judicial proceedings. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (explaining that courts have "long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." (internal quotation marks omitted)).

"persons" subject to liability under Section 1983. *See Will v. Michigan*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Finally, although Holmes styles his claims as arising under Section 1983, his allegations amount to disagreement with the state court's decisions, and his requested remedies include "remand[ing]" back to state court with instructions to do what the state court declined to do in the first instance. Dkt. No. 1 at 7. This Court is one of limited jurisdiction and does not sit in review of state court judgments in most circumstances. *See MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."). To the extent that Holmes seeks to have the state court's decision overturned, he must seek that relief through the state appellate courts and not here. *See Chem. Bank v. City of Bandon, Or.*, 562 F. Supp. 704, 706 (D. Or. 1983) ("[I]t is axiomatic that the decision of a state trial court cannot be 'appealed' to a federal trial court. To do so would demonstrate an unwarranted contempt for the ability of state appellate courts.").

Accordingly, the Complaint does not state a claim and must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed.R.Civ.P. 8(a)(1). Typically, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). Because it is possible that Holmes could cure the above defects with additional allegations, the Court DISMISSES the Complaint without prejudice and with leave to amend. Holmes may have until March 10, 2026 to file an amended complaint consistent with the guidance above and within a litigant's ethical obligations under Fed.R.Civ.P. 11(b). The Court cautions Holmes that failure to file a timely amended complaint will result in the dismissal of this action without further notice.

The IFP Application, Dkt. No. 3, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: February 24, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Ernest Holmes, Jr., vs. Attorney General for the State of Hawaii, et al.*; Civil No. 26-00079 DKW-WRP; **ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**